State of Vermont
Superior Court – Environmental Division

==========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

SP Land Co., et al. Act 250 LU Permit Amendment,   Docket No. 257–11–08 Vtec

Project:  Administrative Amendment authorizing realignment of subdivision boundary lines (appeal filed by Mountainside Properties, Inc.)

Applicants:  SP Land Company, LLC, et. al.

Title:       Motion to Alter or Amend, (Filing No. 4)

Filed:       December 15, 2009

Filed By:  C. Daniel Hershenson, Attorney for Appellant Mountainside Properties, Inc.

Response in Opposition filed on Jan. 11, 2010, by Co-Applicants SP Land Co., LLC, MTB Killington, LLC, AMSC Killington, LLC, and SP II Resort, LLC

Amicus Curiae Memorandum filed on April 30, 2010 by Natural Resources Board/Land Use Panel

Reply in Opposition filed on May 14, 2010, by Co-Applicants SP Land Co., LLC, MTB Killington, LLC, AMSC Killington, LLC, and SP II Resort, LLC


___ Granted                   _X_ Denied                   ___ Other

        Appellant Mountainside Properties, Inc. ("Appellant") filed the pending motion to amend in response to the Court's previous Decision in the above-captioned appeal, In re SP Land Co., No. 257–11–08 Vtec (Vt. Envtl. Ct. Dec. 1, 2009) (Durkin, J.) (hereinafter "Decision"), whereby the Court entered summary judgment, affirming the third Administrative Amendment to the Killington Resort Village Master Plan. By Entry Order filed April 12, 2010, this Court framed the issues presented by Appellant's pending motion and asked the parties to provide further briefing on the issue. In response to the Court's request, the Land Use Panel of the Vermont Natural Resources Board ("NRB") filed its amicus curiae memorandum; Co-Applicants SP Land Company, LLC, MTB Killington, LLC, AMSC Killington, LLC and SPII Resort, LLC (hereinafter collectively referred to as "Co-Applicants") filed a reply to the NRB's memorandum. This Entry Order is issued to address all remaining issues raised in Appellant's motion to amend.

        The Decision and April 12, 2010 Entry Order summarize the applicable material facts; we incorporate those factual representations by reference. As a source of additional clarifying facts, Co-Applicants submitted with its May 14, 2010 reply memorandum an affidavit from the District #1 Environmental Commission ("District Commission") District Coordinator ("Coordinator"), William T. Burke. No party to these proceedings has refuted or contradicted the representations made by Mr. Burke in his affidavit. We therefore take those representations as undisputed and admitted, for purposes of our reconsideration of the parties' summary judgment motions. See V.R.C.P. 56(c)(2), (b). The factual representations of Mr. Burke that are most applicable to our pending review include the following:

    1. The predecessor owners of the Killington Ski Resort have secured over fifty different Act 250 Permits in the course of developing and

operating the Resort since 1972, and those permits have been the subject of over 300 permit amendments. Burke Aff. at ¶ 3(a).

2. The lands now owned by Co-Applicants that are the subject of Administrative Amendment #1R0835-3 were the subject of the various Act 250 permits and amendments referenced above. <u>Id</u>.

3. Rather than directing that Co-Applicants apply for an administrative amendment to the multiple Act 250 permits, the District Coordinator directed that Co-Applicants apply for an amendment of its Master Plan. This direction was given because the Master Plan proceedings "pertained to all of the lands within the Killington Resort Master Plan, including the lands proposed for subdivision" realignment. <u>Id</u>. at ¶ 3(b).

4. Mr. Burke's purpose in directing that the application for administrative amendment reference the Master Plan proceedings, rather than the previously issued permit proceedings, "was a purely administrative decision made by the District Commission for the sake of trying to reduce the confusing collection of permit series numbers that have accumulated at the Killington Ski Resort over the past 35 years." <u>Id</u>. at ¶ 6.

Co-Applicants also assert in their first memorandum in opposition to Appellant's motion to alter that since Appellant's challenge the underlying District Coordinator's authority to issue the third Administrative Amendment, Appellants could not raise that issue in the first instance in their motion to alter. Co-Applicants' assertion here has some merit. However, we conclude that Appellant's Statement of Questions is framed in a broad-enough fashion so as to allow us the discretion to address the issue raised. See <u>In re Jolley Assoc.</u>, 2006 VT 132, ¶ 9, 181 Vt. 190 (recognizing that this Court has jurisdiction to address issues "intrinsic" to the questions posed on appeal).

We further note from our earlier Decision some facts repeated by Mr. Burke in his affidavit: that the challenged Administrative Amendment only authorized a reconfiguration of the subdivision boundaries for the land already governed by the Master Plan proceedings; it <u>did</u> <u>not</u> authorize any development on the subject property; and any future development of any of the subject lands would require that the Co-Applicants (or their successors in interest) first "file [permit] amendment applications, detailing the actual impacts of those developments under the relevant [Act 250] criteria." Burke Aff. at ¶ 3(c).

Lastly, we note that, in addition to all the other Act 250 permits issued in connection with the various Killington Resort lands, a determination had been previously rendered authorizing the subdivision of the subject lands. That determination was the first administrative amendment to the Master Plan proceedings, issued on March 29, 2004. See <u>Decision</u>, No. 257-11-08 Vtec, slip op. at 3, ¶ 4. While that determination may have been "questionable," as suggested by the NRB (see NRB memorandum at 2), no party filed a timely challenge to that determination, and Appellant has not challenged that 2004 determination in these proceedings. The District Commission's decision, through its Coordinator, to authorize the subdivision of Killington lands through Administrative Amendment #1R085-1 therefore has become final.

For all these reasons, we conclude that our December 1, 2009 Decision should not be altered. The challenged Amendment (Administrative Amendment #1R085-3) merely authorized a realignment of the previously approved subdivision of Killington lands. Appellant has provided no evidence to

refute Co-Applicants' assertion that there will be <u>no</u> impact on any Act 250 criteria that could be a possible consequence from the limited authorization that this administrative amendment entails.  Lastly, no development is authorized by Administrative Amendment #1R085-3; any impact that could occur will only occur if, and after, an Act 250 permit amendment application is filed, reviewed, and approved by the District Commission for specific development.  Appellant or its successors in interest will be entitled to notice of such proceedings, have an opportunity to petition for party status, and an opportunity to be heard on the relevant Act 250 criteria.

For all these reasons, we DENY Appellant's motion to alter our previous Decision.

_____     ___August 3, 2010___
        Thomas S. Durkin, Judge                     Date
=====================================================================
Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:

   Attorney C. Daniel Hershenson for Appellant Mountainside Properties, Inc.

   Attorney Timothy M. Eustace for Appellees/Co-Applicants SP Land Company, LLC, MTB Killington, LLC, AMSC Killington, LLC, and SP II Resort, LLC

   Attorneys Melanie Kehne and John H. Hasen for Natural Resources Board/ Land Use Panel (FYI only)